IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BMO HARRIS BANK N.A.,

Plaintiff,

v.

NEMANJA MARJANOVIC,

Defendant.

## VERIFIED COMPLAINT

Plaintiff, BMO Harris Bank N.A., by and through its attorneys, complains of Defendant, Nemanja Marjanovic, as follows:

### THE PARTIES

1.  Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office located in Chicago, Illinois, as set forth in its articles of association. For jurisdictional purposes, Plaintiff is citizen of the State of Illinois.

2.  Defendant, Nemanja Marjanovic ("Defendant"), is an individual residing and domiciled at 22365 Judge Orr Road, Calhan, Colorado. For jurisdictional purposes, Defendant is a citizen of the State of Colorado.

### JURISDICTION AND VENUE

3.  The parties are of diverse citizenship.

4. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

6. The Defendant resides in the State of Colorado, and a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within territorial boundaries of the District of Colorado.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND
### The Agreements

8. On or about April 24, 2015, non-party General Electric Capital Corporation ("GE Capital"), as lender, and Defendant, as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which GE Capital financed Defendant's purchase of the equipment described therein, and Defendant agreed to repay GE Capital pursuant to the terms set forth therein. A true and correct copy of the First Agreement is attached hereto as "Exhibit A."

9. On or about May 19, 2015, GE Capital, as lender, and Defendant, as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which GE Capital financed Defendant's purchase of the equipment described therein, and Defendant agreed to repay GE Capital pursuant to the terms set forth therein. A true and correct copy of the Second Agreement is attached hereto as "Exhibit B."

10. On or about June 2, 2015, GE Capital, as lender, and Defendant, as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and

collateral documents relating thereto, the "Third Agreement"), pursuant to which GE Capital financed Defendant's purchase of the equipment described therein, and Defendant agreed to repay GE Capital pursuant to the terms set forth therein. A true and correct copy of the Third Agreement is attached hereto as "Exhibit C."

11. On or about June 26, 2015, GE Capital, as lender, and Defendant, as borrower, entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Fourth Agreement"), pursuant to which GE Capital financed Defendant's purchase of the equipment described therein, and Defendant agreed to repay GE Capital pursuant to the terms set forth therein. A true and correct copy of the Fourth Agreement is attached hereto as "Exhibit D."

12. From time to time herein, the First Agreement, Second Agreement, Third Agreement, and Fourth Agreement are referred to collectively as the "Agreements."

13. Pursuant to the Agreements, Defendant granted GE Capital a first-priority security interest the equipment described in the Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral"). In summary, the Collateral is described as follow:

| Agreement | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH0GN940042 |
| Second | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH3GN940049 |
| Third | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH1GN940048 |
| Fourth | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH4GN955062 |

14. GE Capital property perfected its security interest in the Collateral by possessing and recording its lien on the Certificates of Title, which identify GE Capital as the First

Lienholder thereon.  True and correct copy of the Certificates of Title for the Collateral are attached hereto "Exhibit E."

15. Effective October 1, 2015, GE Capital, either directly or indirectly, transferred and assigned all of its rights, titles, and interests in and to its accounts associated with Defendant to Transportation Truck and Trailer Solutions, LLC, and effective December 1, 2015, Transportation Truck and Trailer Solutions, LLC, either directly or indirectly, transferred and assigned all of its rights, titles, and interests in and to its accounts associated with Defendant to Plaintiff.  Accordingly, effective December 1, 2015, Plaintiff became GE Capital's successor-in-interest with respect to the Agreements and the Collateral.  A true and correct copy of the Assignment and the Transfer Acknowledgement evidencing the assignment is attached hereto as "Exhibit F."

16. On or about July 26, 2017, Plaintiff and Defendant entered into a Modification Agreement with respect to each of the Agreements.  True and correct copies of the Modification Agreements are incorporated into Exhibits A through D, respectively.

17. Under the terms and conditions of the Agreements, the failure to make a payment when due is considered an event of default.

## Default Under the Agreements

18. Defendant is in default under the Agreements.

19. Defendant failed to make payments under the Agreements when those payments became due.  Defendant's defaults under the Agreements are continuing.

20. Due to Defendant's defaults, Plaintiff elected to accelerate the amounts due and owing under the Agreements effective September 30, 2019.

4

21. Under the Agreements, upon acceleration, Defendant is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 1/2%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360 day year consisting of twelve 30 day months.

22. In addition, under the Agreements, Defendant is obligated to pay late charges and other fees due under the Agreements.

23. In addition, under the Agreements, upon default, Defendant is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

24. In addition, under the Agreements, Defendant is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

25. Calculated as of September 30, 2019, the amount due and owing under the Agreements, including accrued interest and fees, but not including attorney's fees and expenses or cost of collection is an amount not less than $306,608.29.

26. Pursuant to the Agreements, upon Defendant's default thereunder, Defendant is obligated to immediately turn over to Plaintiff possession of the Collateral.

27. Plaintiff notified Defendant of his defaults under the Agreements and made demand that he surrender possession of the Collateral to Plaintiff and that he pay the amounts due under the Agreements. In addition, on October 1, 2019, Plaintiff made written demand upon Defendant to pay the amounts due and to surrender possession of the Collateral. True and correct copies of Plaintiff's Notice of Default and Acceleration to Defendant dated October 1, 2019 (the "Notice") are attached hereto as "Exhibit G."

28. The Notice requested that if the Defendant would like Plaintiff to consider de-accelerating the account, the past due amount must be paid by October 12, 2019.

29. Defendant did not pay the past due amount by October 12, 2019.

30. Despite express demand, Defendant has failed or refused to pay the amounts due and owing under the Agreements to Plaintiff.

31. Despite express demand, Defendant has failed or refused to return possession of the Collateral to Plaintiff.

32. The Agreements expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

33. Plaintiff and its predecessors-in-interest have performed any and all conditions and obligations required of them under the Agreements.

**FIRST CLAM FOR RELIEF**
**(Injunctive Relief)**

34. Plaintiff incorporates and realleges all preceding paragraphs in this First Claim for Relief.

35. Defendant continues to possess and utilize, or is capable of utilizing, the Collateral for commercial purposes.

36. On any given day the Collateral is located, or is capable of being located, in diverse places throughout Colorado and surrounding states.

37. The Collateral is used to transport goods across the country and may not be in any one location for any prolonged period of time.

38. The Collateral depreciates and deteriorates as a result of its continued use by Defendant, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Defendant.

39. Defendant has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

40. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Defendant and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Defendant and other persons and firms having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Defendant be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Defendant be ordered to recover the Collateral in the hands of third parties for delivery to Plaintiff;

d. Defendant be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

e. Plaintiff be granted such other and further relief as shall be just and equitable.

## SECOND CLAIM FOR RELIEF
### (Specific Performance)

41. Plaintiff incorporates and realleges all preceding paragraphs in this Second Claim for Relief.

42. In the event of default by Defendant under the Agreements, Defendant is obligated to return the Collateral at his expense to any location that Plaintiff directs.

43. In the event of default by Defendant under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Defendant to remove it to a place deemed convenient by Plaintiff.

44. In the event of default by Defendant under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

45. Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

46. Despite demand by Plaintiff, Defendant has failed to cure its defaults under the Agreements and has failed to return the Collateral.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Defendant, directing Defendant to specifically perform his obligations under the Agreements, and to return and allow the removal of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## THIRD CLAIM FOR RELIEF
### (Replevin)

47. Plaintiff incorporates and realleges all preceding paragraphs in this Third Claim for Relief.

48. Pursuant to the Agreements, upon Defendant's default, Plaintiff is lawfully entitled to possession of the Collateral.

49. The Collateral is being detained by Defendant against Plaintiff's right to possession.

50. Defendant came into possession of the Collateral after purchasing it through financing provided by Plaintiff and/or its predecessor-in-interest.

51. Following Defendant's defaults under the Agreements, Plaintiff made demand for possession, but Defendant has failed or refused to surrender possession of the Collateral to Plaintiff.

52. The Collateral is wrongfully detained by Defendant.

53. The Collateral consists of four commercial tractors.

54. Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the value of the Collateral to be approximately $239,500.00.

55. Pursuant to the Agreements, when not in use, the Collateral is to be kept at 830 N. 10 Ave, Hollywood, Florida. However, on information and belief, Defendant has moved the Collateral to a location near 22365 Judge Orr Road, Calhan, Colorado. Nevertheless, given the

mobile nature of the Collateral, the Collateral may not be present at any location at any given time.

56. The Collateral has not been taken for a tax assessment or fine pursuant to a statute; or seized under an execution against the property of Plaintiff.

57. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of an order of replevin.

WHEREFORE, Plaintiff prays that an order of replevin be entered on its behalf granting Plaintiff possession of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract against Defendant)

58. Plaintiff incorporates and realleges all preceding paragraphs in this Fourth Claim for Relief.

59. The Agreements are valid and fully enforceable contracts between Defendant and Plaintiff.

60. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements.

61. Defendant has not performed all the terms and conditions to be performed by Defendant pursuant to the Agreements, and is in breach thereof.

62. Plaintiff has suffered damages due to Defendant's breach.

63. Plaintiff is entitled to contractual money damages from Defendant.

10

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Defendant in the amounts due under the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: October 16, 2019.

          Respectfully submitted,

          **HUSCH BLACKWELL LLP**

          By: /s/*Andrew K. Glenn*
               Andrew K. Glenn
               1801 Wewatta Street, Suite 1000
               Denver, CO 80202
               Phone: 303.749.7200
               Fax: 303.749.7272
               andrew.glenn@husch.blackwell.com
               *Attorneys for BMO Harris Bank N.A.*

# VERIFICATION

STATE OF IOWA         )
                      ) SS
COUNTY OF LINN        )

I, Micki Koepke, first being duly sworn, on oath state that:

1. I am employed by BMO Harris Bank N.A. ("Plaintiff"), as a Litigation Specialist and maintain an office at 3925 Fountains Blvd NE, Suite 105, Cedar Rapids, Iowa.

2. Plaintiff is the owner of the accounts of Nemanja Marjanovic ("Defendant"). I am authorized to make this Verification on behalf of Plaintiff.

3. I am charged with administering Plaintiff's account with Defendant and am a custodian of the business records and credit files relating to the accounts of Defendant with Plaintiff. I certify that such documentation is maintained by Plaintiff in the ordinary course of its business and as a regular practice.

4. I have read the foregoing Verified Complaint and based upon personal knowledge and the business records of Plaintiff verify that the facts stated in it are true.

_____
Micki Koepke

Sworn to and subscribed before me this
15 day of October, 2019.

_____
Notary Public

**DEBB WHITE**
Notarial Seal - Iowa
Commission No. 816985
My Commission Expires May 16, 2022