IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–02945–CMA–KMT

BMO HARRIS BANK N.A.,

    Plaintiff,

v.

NEMANJA MARJANOVIC,

    Defendant.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Substituted Service or Service by Pulblication [sic]" (Doc. No. 14, filed February 20, 2020).

**I.**  **Background**

Plaintiff initiated this action on October 16, 2019, asserting jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1 [Compl.] at 2.) Plaintiff asserts claims for injunctive relief, specific performance, replevin, and breach of contract related to Defendant Nemanja Marjanovic's alleged default on Loan and Security Agreements for tractors. (*See generally*, Compl.) Plaintiff has not been successful in its attempts to serve the defendant, and thus has filed the present motion seeking leave from the court to effect substitute service on the defendant instead.

According to Plaintiff's motion and the attached affidavit regarding the attempted service attempts, Plaintiff hired a process server/investigator in October 2019 to locate and serve the

defendant.  (Doc. No. 14-1, ¶ 1.)  The process server made five attempts to serve the defendant at the following two recent addresses:  (a) 22365 Judge Orr Road , Calhan, CO 80808-9117, and (b) 5475 N. Meridian Road, Peyton , CO 80831-7779.  (*Id.*, ¶ 4.)  The process server got no response to his attempts serve the defendant at the Judge Orr Road address, and the process server was told by the owner of the Meridian Road address that he had never heard of the defendant.  (*Id.*, ¶ 5-7(a)-(e).)

Plaintiff also hired a Florida process server to attempt service on the defendant at two Florida addresses, but the defendant could not be located at either address.  (Doc. Nos. 14-9 & 14-10.)  Indeed, both residences were occupied by other individuals who did not know the defendant, though one resident stated that detectives had previously visited the residence looking for the defendant.  (*Id.*)

After attempting, unsuccessfully, to serve the defendant at these addresses, Plaintiff's Colorado process server identified a person by the name of Vukasin Marjanovic ("Vukaskin"), who Plaintiff believes is the defendant's brother, based upon the investigations of Plaintiff's investigator, Plaintiff's independent investigation into Vukasin, and Vukasin's status as the defendant's prior attorney-in-fact. (Doc. No. 14 at 1.)  Because Plaintiff us unable to locate and serve the defendant, Plaintiff request that the court (a) authorize substituted service on Vukasin in accordance with C.R.C.P. 4(f); or (b) in the alternative, permit Plaintiff to serve the defendant by publication under C.R.C.P. 4(g)(2).  (Doc. No. 14 15 1-2.)

**II.      Discussion**

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state

2

where the court is located or where service is made.  Colorado law expresses a preference for personal service (*see* C.R.C.P. 4(e)), but allows for substitute service under Rule 4(f) as follows:

> [i]n the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:

> (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.

C.R.C.P. 4(f).  Rule 4(g) allows for service by mail or publication "only in actions affecting specific property or status or other proceedings in rem."  Because service by mail or publication is not appropriate in this action, the general provisions of Rule 4(f) control.  *See ReMine ex rel. Liley v. Dist. Court for City & Cty. of Denver*, 709 P.2d 1379, 1382 (Colo. 1985) (explaining what constitutes an in rem or quasi in rem action).

Based on Plaintiff's motion and the affidavit and exhibits submitted therewith, the court finds that substitute service is warranted against Defendant Nemanja Marjanovic.  Plaintiff diligently attempted to serve the defendant at various addresses, at various times, and through various methods.  Plaintiff's counsel also undertook the additional time and expense of

conducting research to determine whether Plaintiff might be found at another address.  Despite these efforts, Plaintiff was unable to locate Defendant Nemanja Marjanovic.  In accordance with Rule 4(f), the court is satisfied that Plaintiff has used due diligence to effect personal service on Defendant Nemanja Marjanovic, and that further attempts to effect personal service on the defendant would be to no avail.

The court also finds that Plaintiff has identified an adequate recipient for substitute service; namely, Vukasin Marjanovic.  Plaintiff's investigator's report identified Vukasin as a possible relative of the defendant.  (Doc. No. 14-1, ¶ 5.)  The PeopleMap Report also confirms that Vukasin has one "[d]egree of [s]eparation" from the defendant and is or was a resident at the Orr Road, Meridian Road, and Hollywood, Florida addresses of the defendant.  (Doc. No. 14-8 at 6-7.)  The defendant designated Vukasin as his attorney-in-fact so that Vukasin could acquire the Orr Road property on the defendant's behalf.  (Doc. No. 14-6; Doc. No. 14-7.)  Moreover, Vukasin is listed as the registered agent for MGL Logistics LLC, a company in good standing with the Colorado Secretary of State, which claims the Orr Road address as its principal place of business.  (Doc. No. 14-8.)  Vukasin's vehicle is also found at the Orr Road address.  (Doc. No. 14-1, ¶ 7(a).)  Finally, the defendant's and Vukasin's Facebook profiles confirm their sibling relationship.  (*See* Doc. 14-1, ¶¶ 7(f.i-iii) [describing process through which the investigator identified the defendant's and Vukasin's Facebook profiles].)

Based on these facts, the court finds that service on Vukaskin Marjanovic is appropriate and is reasonably calculated to give actual notice to Defendant Namanja Marjanovic.

**III.     Conclusion**

Finding that 1) Plaintiff has employed due diligence in attempting to effect personal service on Defendant Namanja Marjanovic; 2) that further attempts at personal service would not be fruitful; 3) that substitute service upon Vukaskin Marjanovic is appropriate under the circumstances; and 4) that such service is reasonably calculated to provide actual notice to Defendant Namanja Marjanovic, the court grants "Plaintiff's Motion for Substituted Service or Service by Pulblication [sic]" (Doc. No. 14) in part and authorizes Plaintiff to serve Vukaskin Marjanovic in place of Defendant Namanja Marjanovic.  In accordance with Rule 4(f)(2), Plaintiff shall mail the process to Defendant Namanja Marjanovic the at the following addresses: 22365 Judge Orr Road, Calhan, Colorado 80808 and 830 N. 10th Ave., Hollywood, Florida 33019.

Plaintiff is granted an extension, up to and including September 30, 2020, pursuant to Fed. R. Civ. P. 4(m), to complete the substituted service on Vukaskin Marjanovic.

Dated this 13th day of August, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge