IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02945-CMA-KMT

BMO HARRIS BANK N.A.,

    Plaintiff,

v.

NEMANJA MARJANOVIC,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

This matter is before the Court on Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment. (Doc. # 24.) No response to the Motion has been filed. For the following reasons, the Court grants the Motion and default judgment shall enter in Plaintiff's favor.

## I. BACKGROUND

The instant case is a collection action arising out of Defendant's breach of his contractual obligations to Plaintiff. In 2015, Plaintiff's predecessor General Electric Capital Corporation ("GECC") and Defendant entered into four loan-and-security agreements through which Defendant borrowed money from GECC to purchase certain vehicles and equipment for use in his trucking business (collectively "Agreements"; individually, "First Agreement," "Second Agreement," "Third Agreement," and "Fourth Agreement"). (Doc. # 1 at ¶¶ 8–11); (Doc. # 1-1–1-4 (Agreements)). Pursuant to the

Agreements, Defendant granted GECC a first-priority security interest in the vehicles and equipment described in the Agreements (collectively, the "Collateral"). Each of the Agreements identifies the Collateral subject to it, which is summarized as follows:

| Agreement | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH0GN940042 |
| Second | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH3GN940049 |
| Third | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH1GN940048 |
| Fourth | 2016 | Volvo | VNL Series | Tractor | 4V4NC9EH4GN955062 |

(Doc. # 1 at ¶ 13.)

Effective December 1, 2015, Plaintiff became GECC's successor-in-interest with respect to the Agreements and the Collateral. (*Id.* at ¶ 15.) In March of 2019, Defendant failed to make the required payments owed under the Agreements. (*Id.* at ¶¶ 18, 27); (Doc. # 24-2 at ¶ 18). At the time of Defendant's breach of the Agreements, the remaining principal owed totaled $287,340.09. (Doc. # 24-2 at ¶¶ 34, 39, 44, 49.) Despite express demand, Defendant has failed or refused to pay the amounts due and owing to Plaintiff under the Agreements. (*Id.* at ¶ 21.)

The Complaint seeks to recover the Collateral subject to the Agreements, enjoin Defendant's continued use of the Collateral, and hold Defendant liable for all of Plaintiff's damages arising from Defendant's breach of his obligations to Plaintiff. The Agreements entitle Plaintiff to recover those amounts, as well as its attorneys' fees and costs incurred in the enforcement of its rights under the Agreements. Prior to moving for default judgment, Plaintiff recovered possession of the units of Collateral subject to the Second and Third Agreements. (Doc. # 24-2 at ¶ 12.) Plaintiff has been unable to

recover the Collateral subject to the First and Fourth Agreements, which is referenced herein as the "Retained Collateral."

Plaintiff filed a Request for Entry of Default against Defendant on November 11, 2020. (Doc. # 22.) The Clerk of Court entered default against Defendant on November 16, 2020. (Doc. # 23.) Plaintiff filed the instant Motion for Default Judgment on January 8, 2021. (Doc. # 24.) Therein, Plaintiff moves the Court to (1) enter default judgment in favor of Plaintiff and against Defendant in the amount of $306,608.29, plus interest; (2) award Plaintiff its reasonable attorneys' fees and costs; (3) enter an Order of Possession in favor of Plaintiff in and to the Collateral in the possession of Defendant; and (4) enter injunctive relief in favor of Plaintiff, causing the surrender or repossession of the Retained Collateral. Defendant has failed to respond to the Motion.

## II.    STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019) (citing *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014)). It "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In the context of a default judgment, a plaintiff "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

### III.  ANALYSIS

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, a court must ensure it has subject matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact, which are admitted by a defendant upon default, support a judgment on the claims against the defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff in a default action did not need to prove complaint's factual allegations; however, judgment must be supported by a sufficient basis in the pleadings).

**A.  JURISDICTION**

    1.  <u>Subject Matter Jurisdiction</u>

The Court has diversity jurisdiction over the instant action. Plaintiff is an Illinois corporation with its principal place of business in Illinois, and Defendant is a Colorado

citizen. (Doc. # 1 at 1.) The amount in controversy exceeds $75,000; Plaintiff seeks $306,608.29 in damages, excluding interest, reasonable attorneys' fees, costs, and the value of the Retained Collateral. (*Id.* at 3.) Therefore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. Personal Jurisdiction

The Court also finds that it has personal jurisdiction over Defendant because service was adequate, see *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015), and exercising jurisdiction over Defendant comports with constitutional due process demands, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

First, the Court finds that Plaintiff's service of process on Defendant was complete and adequate, in accordance with Fed. R. Civ. P. 4. Plaintiff served Defendant with the Summons and Complaint on October 16, 2020, through substituted service on Vukasin Marjanovic, as permitted by Magistrate Judge Kathleen M. Tafoya's August 13, 2020 Order. (Doc. ## 16, 21.) Next, the Court finds that exercising jurisdiction over Defendant comports with constitutional due process demands. Defendant is domiciled in the State of Colorado, and a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within the State of Colorado. Accordingly, the Court has personal jurisdiction over Defendant.

**B.     FAILURE TO DEFEND**

   1.     Defendant's Default

It is manifest from the record that Defendant has defaulted. Plaintiff served Defendant on October 16, 2020. (Doc. # 21.) Defendant has nevertheless failed to answer or otherwise respond to the Complaint, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendant on November 16, 2020. (Doc. # 23.)

   2.     Liability

The Court also finds that Plaintiff's Verified Complaint, the attachments thereto, and the documentation submitted in support of its Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762. The Agreements provide that Texas law shall govern their interpretation and enforcement. (Doc. ## 1-1–1-4 at ¶ 7.6.) Under Texas law, a plaintiff must establish the following elements to maintain a breach of contract claim: (1) the existence of a valid contract, (2) breach by the defendant, (3) performance by the plaintiff, and (4) damages. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of default judgment against Defendant on Plaintiff's breach-of-contract claim. First, Plaintiff has established that Defendant entered into valid contracts—the Agreements—with Plaintiff's predecessor-in-interest, GECC. (Doc. # 1 at ¶¶ 8–11.) Plaintiff attached true and correct copies of the Agreements to its Complaint. (Doc. ## 1-1–1-4); (Doc. # 24-2 at ¶ 7).

Pursuant to the Agreements, Plaintiff agreed to extend credit to Defendant to purchase the Collateral in exchange for a security interest in that Collateral and Defendant's agreement to repay the principal balance of the credit extension, plus interest. (Doc. # 1 at ¶¶ 8–11, 13); (Doc. # 1-1 at ¶ 2.0). Plaintiff performed under the contract by extending the agreed-upon credit to Defendant. Defendant used that credit to purchase the Collateral and then breached the Agreements by failing to make payments, thereby defaulting on the Agreements. (Doc. # 1 at ¶¶ 8–11); (Doc. # 1-1 at 6). Defendant's breach financially injured Plaintiff. (Doc. # 1 at ¶¶ 21–26.)

3. <u>Damages</u>

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id.* (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008));

*Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. Plaintiff requests an award of (1) the remaining principal amount owed under each of the Agreements; (2) interest on the remaining unpaid principal calculated at the contractually agreed-upon rate of 1.5% per month; (3) late charges and other fees; (4) all expenses of retaking, holding, preparing for sale, and selling the Collateral; and (5) the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights under the Agreements, including this lawsuit. (Doc. # 1 at ¶¶ 21–25); (Doc. # 1-1 at ¶¶ 5.2, 5.3, 7.3).

With respect to Plaintiff's requests for unpaid principal, interest, and late charges and other fees, the Agreements and the Affidavit of Micki Koepke (Doc. # 24-1) demonstrate that Defendant owed a total of $306,608.29 under the Agreements as of September 30, 2020, inclusive of principal, interest, and fees. Between that date and the date of this Order, interest has accrued for 119 days at the contractually agreed-upon rate of 1.5% per month (or $143.67 *per diem*), yielding an additional $17,096.73 of unpaid interest.[1] Accordingly, judgment shall enter against Defendant in the total amount of $323,705.02 for unpaid principal, interest, and late charges and fees due pursuant to the Agreements.

In sum, Plaintiff has provided the Court with proof of the amount of damages, and

---

[1] Pursuant to the Agreements, interest is calculated based on a 360-day year consisting of twelve, 30-day months.

the Court finds that entering judgment against Defendant in the total amount of $323,705.02 is warranted.

4. <u>Attorneys' Fees and Costs</u>

In its Motion for Default Judgment, Plaintiff requests an award of attorneys' fees and costs of $26,990.74. Pursuant to CMA Civ. Practice Standard 7.1F(b), a party moving for default judgment must file a separate motion for attorneys' fees and a separate motion for costs for consideration by the Clerk's Office, if costs and attorneys' fees will be requested. Accordingly, Plaintiff's request for attorneys' fees and costs is denied without prejudice for failure to comply with CMA Civ. Practice Standard 7.1F(b). Plaintiff may file separate motions for attorneys' fees and costs that comply with this Court's Civil Practice Standards within 30 days of the issuance of this Order.

5. <u>Injunctive Relief</u>

Plaintiff requests that an injunction be entered that causes Defendant to surrender the Retained Collateral. Pursuant to the Agreements, Defendant granted Plaintiff a first-priority security interest in the Collateral, which entitles Plaintiff to possession of the Collateral upon default. Plaintiff perfected its security interest in the Collateral by recording its lien on the Certificates of Title.[2] (Doc. # 1 at ¶ 14); (Doc. # 1-5). The Court finds that the Retained Collateral depreciates and deteriorates as a result of its continued use by Defendant, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Defendant. Accordingly, the Court

---

[2] The Certificates of Title identify GECC as the First Lienholder. Effective December 1, 2015, Plaintiff became GECC's successor-in-interest with respect to the Agreements and the Collateral. (Doc. # 1 at ¶ 15); (Doc. # 1-6).

finds that Plaintiff will suffer irreparable injury unless Defendant and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Retained Collateral; (b) ordered to advise Plaintiff of the location of the Retained Collateral; and (c) ordered to surrender the Retained Collateral to Plaintiff. The Court concludes that the requested injunctive relief is appropriate under the circumstances.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff BMO Harris Bank N.A.'s Motion for Default Judgment (Doc. # 24) is hereby GRANTED;
- Plaintiff is entitled to a total judgment of $323,705.02 in damages, consisting of unpaid principal, interest, and late charges and fees under the Agreements;
- the Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant in the total amount of $323,705.02;
- Defendant, and any other persons or firms with control over the Collateral, shall immediately surrender the following Collateral to Plaintiff: (a) 2016 Volvo VNL Series Tractor, VIN: 4V4NC9EH0GN940042 and (b) 2016 Volvo VNL Series Tractor, VIN: 4V4NC9EH4GN955062;
- Defendant and other persons or firms having knowledge of this Order are enjoined from continuing to use the aforementioned Collateral;
- Defendant must advise Plaintiff of the location of the aforementioned Collateral within 7 days of the date of this Order;

11

- Plaintiff may file separate motions for attorneys' fees and costs within 30 days of the issuance of this Order; and

- the Clerk of Court is respectfully directed to close this case.

DATED: January 29, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge