**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02945-CMA-KMT

BMO HARRIS BANK N.A.,

    Plaintiff,

v.

NEMANJA MARJANOVIC,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff BMO Harris Bank N.A.'s Motion for Attorneys' Fees ("Motion") (Doc. # 29), wherein Plaintiff requests $23,008.50 in attorneys' fees pursuant to Fed. R. Civ. P. 54(d). No response to the Motion has been filed. For the following reasons, the Motion is granted.

### I.    LEGAL STANDARDS

It is within the court's discretion to determine the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth by the Supreme Court in *Hensley*. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A lodestar calculation involves multiplying the number of hours an attorney expended to resolve an issue or perform a task by a reasonable hourly billing

rate. *Hensley*, 461 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 1249 (internal citations omitted).

## II. ANALYSIS

In 2015, Plaintiff's predecessor-in-interest General Electric Capital Corporation ("GECC") and Defendant Nemanja Marjanovic entered into four loan-and-security agreements (collectively, the "Agreements"). (Doc. # 1 at ¶¶ 8–11); (Doc. # 1-1–1-4 (Agreements)). As set forth in the Complaint, the Agreements entitle Plaintiff to reasonable attorneys' fees in this matter.[1]

The first step in calculating the lodestar is the determination of the number of hours reasonably spent by counsel. *Case,* 157 F.3d at 1250. Upon review of the

---

[1] The Agreements provide, in relevant part, as follows:

> Debtor hereby agrees to indemnify, defend and hold harmless [Plaintiff] and its Affiliates and respective principals, directors, officers, employees, representatives, agents and third-party advisors from and against any and all losses, disputes, claims, expenses (including, without limitation, legal expenses), damages and liabilities of whatsoever kind and nature arising out of, in connection with, or relating to the Equipment, this Agreement or any other document related hereto. If allowed by law, the legal expenses shall include the amount of any flat fee, retainer, contingent fee or the hourly charges of any attorney retained by [Plaintiff] in enforcing any of [Plaintiff's] rights hereunder or in the prosecution or defense of any litigation related to this Agreement or the transactions contemplated by this Agreement. This indemnification shall survive the termination or expiration of this Agreement.

*See* (Doc. # 1–1 at §§ 7.3(l), 5.2).

2

Declaration of Aaron B. Chapin in Support of Motion for Attorneys' Fees (Doc. # 29-1 at 2–4), as well as the contemporaneous time records submitted in support of the Motion (*id.* at 6–12), the Court concludes that Plaintiff's counsel exercised billing judgment in filing the instant Motion and that all hours requested were reasonably expended in the litigation. *See Ramos*, 713 F.2d at 553; *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary....").

Next, the Court finds that the billing rates requested are reasonable. Plaintiff seeks an hourly rate of $395 per hour for principal attorney Aaron Chapin, $325 per hour for associate attorneys Andrew Glenn and Jonathan Golding, and $175 per hour for paralegals Elizabeth Arundel and Ann Stolfa. The Court finds that the rates requested are consistent with evidence of what the market commands for federal litigation in the District of Colorado for lawyers of comparable skill, experience, and reputation. *See, e.g.*, *Edwards v. Edwards*, No. 20-CV-02843-CMA-SKC, 2021 WL 130690, at *2 (D. Colo. Jan. 14, 2021) (finding attorney rate of $400 and paralegal rate of $180 reasonable in this jurisdiction); *Barnett v. Bd. of Cty. Commissioners of Cty. of Montrose*, No. 14-CV-1765-JAP-GPG, 2015 WL 13614118, at *5 (D. Colo. Dec. 14, 2015) (collecting cases that "suggest that the prevailing rates in Denver . . . for experienced litigators approach $400 per hour in recent years"), *report and recommendation adopted*, 2015 WL 13614119 (D. Colo. Dec. 31, 2015); *Universal Drilling Co. v. Newpark Drilling Fluids, LLC*, No. 08-CV-02686-MSK-CBS, 2011 WL 715961, at *2 (D. Colo. Feb. 22, 2011) (noting Colorado Bar Association survey

reported median billing rate of $400 per hour for partners in large firms). Therefore, multiplying the reasonable hourly rate by the number of hours reasonably expended, the Court determines that Plaintiff is entitled to an award of $23,008.50 in attorneys' fees.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff BMO Harris Bank N.A.'s Motion for Attorneys' Fees (Doc. # 29) is GRANTED. Defendant Nemanja Marjanovic is ORDERED to pay Plaintiff BMO Harris Bank N.A. $23,008.50 in attorneys' fees. Judgment shall enter in favor of Plaintiff BMO Harris Bank N.A. and against Defendant Nemanja Marjanovic in the amount of $23,008.50.

DATED:  April 7, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge